UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62267-CIV-UNGARO

MARIA PETERKING ROJAS,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

_____/

ORDER ON MAGISTRATE REPORT

        THIS CAUSE is before the Court on Petitioner's Application for a Writ of

Habeas Corpus, brought pursuant to 28 U.S.C. § 2255. (D.E. 1.)

        THE COURT has reviewed the record as a whole and is otherwise fully

advised of the premises.

        This matter was referred to Magistrate Judge Edwin G. Torres, who issued a

Report recommending that the petition be denied on several bases. (D.E. 12.) First,

Petitioner is not in custody pursuant to the conviction she challenges, and therefore

habeas relief is unavailable to her. Second, even if a remedy is available to

Petitioner by way of a writ of error coram nobis, the petition should be denied

because it is untimely, because Petitioner failed to allege prejudice, and because

relief pursuant to *Padilla v. Kentucky*,130 S. Ct. 1473 (2010), is not retroactively

available. Petitioner filed timely objections, requesting that the Court reject Judge

Torres's recommendation. (D.E. 13.) The matter is now ripe for review.

Upon *de novo* review of the record, the Court concurs with Judge Torres's conclusions. Petitioner alleges that she is "in custody" because she is subject to significant restraints on her liberty as a result of her conviction.  For example, Petitioner is ineligible to become a citizen and unable to travel freely in and out of the country. However, these restraints are collateral consequences imposed by immigration law, not a direct result of Petitioner's criminal conviction. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.")

The Court considered Petitioner's argument that the integration of criminal law into immigration law has resulted in immigration consequences becoming an integral part of the criminal penalty imposed on noncitizen defendants. *See Padilla v. Kentucky*, 130 S.Ct. 1473, 1480 (2010) (expressing view that deportation is integral part of penalty imposed on noncitizen defendants who plead guilty to specified crimes). However, even considering this, the connection between the criminal conviction and the subsequent immigration consequences is too attenuated to be able to find that those consequences are part of the sentence imposed for the criminal conviction. *See Maleng*, 490 U.S. at 492 (holding that defendant no longer in custody once "sentence imposed" expires).

In addition, even if the Court found that relief were available and held *Padilla* to apply retroactively on collateral review, Petitioner's claim must fail

because she fails to allege prejudice. As noted by Judge Torres, Petitioner, in the way of prejudice, asserts only conclusory, threadbare allegations. And "[a] petitioner's bare allegation that he would not have pleaded guilty is insufficient to establish prejudice under *Strickland*." *Roach v. Roberts*, 373 F. App'x 983, 985 (11th Cir. 2010) (unpublished) (*citing United States v. Campbell*, 778 F.2d 764, 768 (11th Cir. 1985)).

Accordingly, upon *de novo* review of the record, it is

ORDERED AND ADJUDGED that the Report of the Magistrate Judge (D.E. 12) is RATIFIED, ADOPTED, and AFFIRMED; the Petition (D.E. 1) is DENIED. It is further

ORDERED AND ADJUDGED that for administrative purposes this case is hereby CLOSED and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 31st day of July, 2012.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record